# SUPREME JUDICIAL COURT,

FOR THE

# MIDDLE DISTRICT,

## 1858.

## COUNTY OF SAGADAHOC.

SYLVESTER ROACH & *ux. versus* ELBRIDGE RANDALL.

The promissory note of a married woman cannot be legally enforced.

And where she joins with her husband in a note for money loaned to him and gives a mortgage of her real estate as security therefor, which note is afterwards paid with money obtained upon another note, in which she joined with her husband, (to secure which, she gave another mortgage of the same estate,) the husband *only* is entitled to the action provided by statute to recover back from the payee of the first note a sum taken as usurious interest.

An amendment of a writ by striking therefrom one or more of the several *plaintiffs*, should not be allowed, especially where the relations of the parties and the character of the claim have not been changed since the suit was instituted.

ASSUMPSIT to recover an excess of interest beyond the legal rate, paid by the plaintiffs to the defendant upon a loan of money.

Plea, general issue, and brief statement of the statute of limitations. Writ dated March 11, 1856.

At *Nisi Prius*, before GOODENOW, J., Sylvester Roach, one of the plaintiffs, testified, (being objected to but admitted,) that in February, 1852, he obtained of the defendant, on a loan for three years, the sum of $416,66, that he gave to the

defendant a note of hand, signed by himself and his wife for
the sum of $541,66, payable in three years, with interest an-
nually, which note was secured by a mortgage of the same
date, of real estate belonging to his wife, and executed by
both plaintiffs to defendant; that the sum of $125, included in
the note, beyond the amount received of defendant, was for
" bonus interest," as the defendant called it, being at a rate
of ten per cent. per annum for the period of three years,
beyond the rate of six per cent., that this was the rate which
he agreed to pay.

*Cross-examined.*   Some of the payments of interest which
are indorsed on the note, were made by him and some by his
wife; did not know whether the payments by his wife were
from his money or her own.   Interest was paid annually on
the whole note, as appeared by indorsements, and payments
amounting to $300 of principal, also, were made as indorsed.
One Groves first applied to defendant for the money, and re-
ported the terms upon which defendant would furnish it, and
witness agreed to the terms.

Joseph Huse, called for plaintiffs, testified that, early in
Feb. 1856, went with Mrs. Roach, one of the plaintiffs, to de-
fendant's house; she paid him $241,66, being the balance then
due on a note of $541,66, which defendant held against her
and her husband.   I handed him the money at her request.
He gave up the note and discharged the mortgage which he
held as security.

I furnished the money to plaintiffs to make this payment,
and took a note for the amount signed by both plaintiffs,
which I now hold, and a mortgage of same estate which de-
fendant held as security.

*In defence :* —

Henry Groves testified, in February, 1852, Roach, and one
White, and myself agreed to go to California; applied to de-
fendant to loan us money for that purpose; White and I went
to see him; he did not know that he could furnish the whole;
said he would see if he could get it for us and let us know in
a short time.   In a few days he came to Bath and met us;

said he could let us have $1250, but should exact ten per cent. for getting the money for us. We agreed to take it on his terms. The $1250 was divided equally among us. We received $416,66 each. I went to California; Roach did not. On my return, I paid my note in full. It was $541,66.

*Cross-examined.* The excess of the note beyond the amount received, was "for extra interest for three years for getting the money for us." It was ten per cent. a year for three years.

The case was then taken from the jury to be submitted on REPORT to the full Court, who are to have all the powers of a jury. The parties agreed that, if the action is maintainable upon the evidence legally admissible in the case, the defendant is to be defaulted, and judgment entered up by the Court; otherwise, plaintiffs to be nonsuit. If, however, the Court should be of opinion that the action is not maintainable by the plaintiffs jointly, but is maintainable by either alone, and that the writ is legally amendable, the case shall be remanded for trial with liberty to plaintiffs to move to amend the writ, by striking out one of the plaintiffs, which motion shall be determined by the presiding Judge as to law shall appertain.

*Evans*, senior counsel of plaintiffs, argued: —

That assumpsit is the proper remedy to recover back an excess of interest beyond the legal rate given by statute c. 69, § 5; R. S., 1857, c. 45, § 3; *Webb* v. *Wilshire*, 19 Maine, 406; *Pierce* v. *Conant*, 25 Maine, 33.

The statute makes a clear distinction between "receiving" and "taking," § § 2 and 7. Excessive interest is not *paid* until it is "taken." There is no action given against one, who "receives" the excess merely. It is only for *payment* to recover back money actually paid and "taken." The excess claimed here was not *paid* until the final settlement, "early in February, 1856." The action was commenced March 11, 1856.

"If the Court shall be of opinion, that the action is not maintainable by the plaintiffs jointly," then, &c. This only

means, that if, in the posture in which it is presented to the Court, it is not maintainable. Now, many actions are maintainable and maintained, because, what would have been a fatal objection was not presented in a proper way and at a proper time, as in cases where abatement should have been pleaded.

In the case at bar, if the question was intended to be raised, whether the plaintiffs could join in the action, it should have been presented in the specifications of defence, or, being a question of mis-joinder, by plea in abatement. There being no such statement or plea, the Court will not come to the conclusion that the action is not jointly maintainable.

But, we maintain, that the action is rightly brought by both plaintiffs. It is given by statute to the party who pays the excess. "Whoever shall pay," is the language. If the plaintiffs *jointly* paid, the action, not only *may* be, but *must* be by both, although one be under coverture, and ordinarily disqualified to sue.

The actual payment was from a joint fund, obtained on a joint note, secured by mortgage of the wife's property. Sureties, who pay for their principal by a joint note, are entitled to join in an action for indemnity.

It is no sufficient answer to say that the note to Huse, upon which the money was obtained, was void, as to the female plaintiff, she being under coverture. That is a matter between her and Huse, with which defendant has no privity and no concern. *Ellsworth* v. *Mitchell,* 31 Maine, 247.

The money was obtained upon the mortgage of the wife's property, executed by husband and wife. This was sufficient to convey her estate.

The statute of Maine, regarding the rights of married women, makes no other alteration in this respect, except to permit her "to sell and convey" as well as "to manage," without "the joinder or assent of the husband." What she may do without, she may do with. She may mortgage, to secure her husband's debts, and thus become surety for him and will be subrogated to the rights of a surety. *Van Horne*

v. *Emerson*, 13 Barb. 526; *Ventee* v. *Underwood*, 18 Barb. 561; *Damarest* v. *Wynkoop*, 3 Johns. Ch. 144.

An action to foreclose a mortgage, given by husband and wife, of the wife's estate, must be against both, or her equity will not be barred. *Swan* v. *Wiswell & ux.*, 15 Pick. 125; *Nash* v. *Spofford & ux.*, 10 Met. 193; 2 Hilliard on Mortgages, p. 97, § 83.

Undoubtedly, also, a bill in equity to redeem in such case, must be in the name of both.

So, if payment be made to redeem, embracing excess of interest, by the wife, being made to protect her interest, why may she not, though under coverture, have an action to recover back?

If she may redeem and "manage," as by statute she may, why not borrow money and give a note binding on herself to obtain the means of redemption?

. If she is entitled to the action alone, having herself made the actual payment by money obtained by her means, it is no objection that the husband is joined in the suit. R. S. of 1857, c. 61, § 3; *Ballard & ux.* v. *Russell*, 33 Maine, 196.

We maintain, then, that the action is maintainable by both plaintiffs, if the payment was made jointly, or if made by the wife alone, from her own means. If the Court shall be of opinion that it is maintainable by the husband alone, it is to be remanded for further proceedings.

Upon the question of amendment, by striking out the name of one of the plaintiffs, the following cases were cited and commented upon. *Rehoboth* v. *Hunt*, 1 Pick. 224; *Thayer* v. *Hollis*, 3 Met. 369; *Johnson* v. *Huntington*, 13 Conn. 47; *Chadbourne* v. *Rackliff*, 30 Maine, 359; *Treat* v. *McMahon*, 2 Greenl. 358; *Cutts* v. *Gordon*, 13 Maine, 474; *Davis* v. *Saunders*, 7 Mass. 62.

*J. Smith*, for defendant, argued:—

That the testimony of the *husband* was inadmissible. The legal evidence in the case shows that the excess was not *for the use of the money*, but for defendant's trouble and expense in obtaining it.

But, were it otherwise, this action cannot be maintained. The statute upon which it is brought, provides that, " whoever, on any such loan, shall in any manner pay a greater sum or value than is by law allowed to the creditor, may recover," &c. Such action is remedial, not penal. *Darling* v. *Murch,* 22 Maine, 184. The person who has suffered is entitled to the remedy. Was the money paid, either the money of the wife, or of the husband and wife? If neither, she has no remedy, nor does she need any.

The money was borrowed for the husband. Her signature to the note imparted no additional security. As to her, it was absolutely void. Chitty on Bills, 33; Story on Prom. Notes, § 85, p. 91. The statutes of this State do not authorize a married woman to make such a contract. *Howe* v. *Wildes & ux.,* 34 Maine, 566, 41 Maine, 242; *Davis* v. *Millette & ux.,* 34 Maine, 429.

The money obtained of defendant was on the note of the husband alone, for he alone was liable to pay it. So of the note given to Huse. If, then, the money received of Huse was the husband's, it was paid by *him* to defendant, and he alone was entitled to the statutory remedy.

The writ cannot be amended by striking out the name of either of the plaintiffs. The case at bar is distinguishable from *Windsor* v. *Lambard,* 18 Pick. 57. Here, the rights of the parties would be changed. A new action would be barred by the statute. The amendment would deprive the defendant of the right which the statute limitation gave him.

The opinion of the Court was drawn up by

TENNEY, C. J.—The plaintiffs gave to the defendant their joint note, which is alleged to have been for an usurious consideration, and the money which was paid for the excess beyond the sum actually received from the defendant, and legal interest thereon, is sought to be recovered in this action.

The mortgage of the real estate of the wife was for the security of the note. But the money, for which the note was given, was received by the husband; and it does not appear

that the mortgage was ever resorted. to, on the part of the defendant, for the purpose of obtaining payment, or an indefeasible title to the estate.

' .The note which the wife signed, created no legal obligation on her to pay it. A suit against her, either alone or jointly with her husband upon it, could not be maintained. 1 Black. Com. 442 ; *Howe* v. *Wildes & ux.*, 34 Maine, 556.

The. obtaining of the money from Huse upon the note of the plaintiffs, secured by a mortgage of the same land held by the defendant, as security, for the purpose of paying the note to him, could not affect the case. This was a matter foreign to the transaction, which is alleged to be illegal. This money was borrowed on the personal security of the husband, and the wife. was not liable thereon.

The action cannot be maintained in the name of the two plaintiffs.

In the case of *Chadbourne* v. *Rackliff*, 30 Maine, 354, which was a real action, the writ was allowed to be amended by striking out the name of one of the demandants, but this was upon the ground that the tenant had acquired the title of one of the original demandants, after the commencement .of the suit. The same has been done in suits where one of the defendants was an infant; at the time he executed the contract, and he relied upon that as a defence. *Woodward* v. *Newhall & al.*, 1 Pick. 500 ; *Cutts* v. *Gordon*, 13 Maine, 474. The same has often been done, where one of two or more defendants has become a bankrupt pending the suit. . It was held, in *Minor & als.*, v. *The Mechanics' Bank of Alexandria*, 1 Peters, 46, that where there are several defendants, and they sever in their pleadings, a *nolle prosequi* ought to be allowed.

In this State, a plaintiff can strike from. his writ, one or more defendants, and proceed against others, and can insert new defendants on certain conditions. R. S: of 1841, c. 115, § § 11 and 12 ; R. S. of 1857, c. 82, § 12. But our attention has been called to no case where one of two or more plaintiffs has been allowed to retire from the suit, when all of them had full opportunity to know who should constitute the prose-

cuting party, and nothing has taken place since the commence-
ment of the suit to change the relations of the parties, or the
character of the claim. It is believed that such permission
by the Court would be inconsistent with well established
principles and general practice.

In the case at bar, the plaintiffs must have known, before
the institution of the suit, whether the wife had, in her own
right, any ground of action, and when it is found, after a full
hearing, that the action cannot be maintained in the name of
the two, their condition in reference to the proceedings hav-
ing undergone no change, we think the amendment cannot
with propriety be made.                      *Plaintiff nonsuit.*

RICE, HATHAWAY, MAY, APPLETON, and DAVIS, J. J., con-
curred.